[Cite as *In re K.D.*, 2023-Ohio-699.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| In the Matter of: | : | |
| K.D., a minor child, | : | No. 21AP-41 |
| | | (C.P.C. No. 20JU-03-2597) |
| Appellee, | : | |
| | | (REGULAR CALENDAR) |
| [State of Ohio, | : | |
| Appellant]. | : | |

D E C I S I O N

Rendered on March 7, 2023

**On brief:** *Todd W. Barstow* for appellee. **Argued:** *Todd W. Barstow.*

**On brief:** *G. Gary Tyack*, Prosecuting Attorney, and *Michael P. Walton* for appellant.

APPEAL from the Franklin County Court of Common Pleas,
Division of Domestic Relations, Juvenile Branch

MENTEL, J.

{¶ 1} Appellant, State of Ohio, appeals from the judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, Juvenile Branch, imposing concurrent periods of commitment upon K.D. for aggravated robbery and a weapons specification. The state argues that the juvenile court erred because R.C. 2152.17(E) requires the periods of commitment to be served consecutively. We agree and accordingly reverse and remand the juvenile court's judgment.

{¶ 2} On March 4, 2020, a complaint was filed alleging that K.D. was delinquent for having committed two counts of aggravated robbery under R.C. 2911.01, two counts of robbery under R.C. 2911.02, and kidnapping under R.C. 2905.01, all while allegedly brandishing a weapon. K.D. admitted delinquency to one second-degree felony count of

aggravated robbery with a gun specification in exchange for dismissal of the other counts. (Nov. 30, 2020 Jgmt. Entry.)

{¶ 3}    The juvenile court's adjudication order "reaffirm[ed]" the findings of K.D.'s delinquency on the aggravated robbery offense and the firearm specification. (Jan. 7, 2021 Jgmt. Entry at 1.)  The juvenile court committed K.D. for an indefinite period of not less than one year but a maximum period not to exceed his twenty-first birthday for the aggravated robbery, as well as a definite two-year term for the firearm specification, with the periods of commitment to run concurrently.  *Id.*  The state filed a motion for leave to appeal, which this court granted.  (May 13, 2021 Memo Decision.)

{¶ 4}    The state asserts the following assignment of error:

> THE JUVENILE COURT COMMITTED REVERSIBLE ERROR WHEN ORDERING THE JUVENILE'S TERM OF COMMITMENT FOR AGGRAVATED ROBBERY TO RUN CONCURRENT WITH THE TERM OF COMMITMENT FOR THE WEAPON SPECIFICATION.

{¶ 5}    The state argues that R.C. 2152.17(E) requires the imposition of consecutive periods of commitment for K.D.'s aggravated robbery offense and the weapons specification, and that it "brought this statute to the attention of the juvenile court." (Appellant's Brief at 7.)  Nevertheless, the state argues, the juvenile court "indicated its belief" that R.C. 2152.17(E) "was somehow improper and/or possibly unconstitutional" and refused to impose consecutive periods of commitment.  *Id.* at 8.  The state quotes extensively from a trial transcript to support these contentions.  *Id.* at 7-8.

{¶ 6}    The state has not, however, provided a record of the transcript in question in the record on appeal.  Under App.R. 9(B)(1), "it is the obligation of the appellant to ensure that the proceedings the appellant considers necessary for inclusion in the record, however those proceedings were recorded, are transcribed" for appellate review. *See also* App.R. 9(B)(3) (mandating that an "appellant shall order the transcript in writing and shall file a copy of the transcript order with the clerk of the [juvenile] court.").  Thus, we may only address those errors "that are based solely on questions of law" and evident from the record.  *Gomez v. Kiner*, 10th Dist. No. 11AP-767, 2012-Ohio-1019, ¶ 5.

{¶ 7}    As discussed below, the juvenile court's error is evident from the face of the judgment entry.  There, the juvenile court first noted that it had previously adjudicated K.D.

delinquent for committing aggravated robbery under R.C. 2911.01(A)(1). (Jan. 7, 2021 Jgmt. Entry at 1.) Second, the juvenile court noted that it had adjudicated K.D. delinquent for committing the act with the particular firearm specification defined in R.C. 2941.145. *Id.* The juvenile court then imposed a period of commitment for the aggravated robbery count of a minimum of one year and a maximum period not to exceed K.D.'s attainment of the age of twenty-one years. *Id.* Finally, the juvenile court stated that the period of commitment for the aggravated robbery offense "shall be served in addition to and concurrently with the definite two year period of commitment" imposed for the firearm specification under R.C. 2941.145. *Id.*

{¶ 8} Under R.C. 2152.16(A)(1)(c), the juvenile court was authorized to impose a period of commitment of "an indefinite term consisting of a minimum period of one to three years, as prescribed by the court, and a maximum period not to exceed the child's attainment of twenty-one years of age" for the aggravated robbery offense under R.C. 2911.01(A)(1). The juvenile court's imposition of a period of commitment for the aggravated robbery count of a minimum of one year and a maximum period not to exceed K.D.'s attainment of the age of twenty-one years was in accordance with R.C. 2152.16(A)(1)(c). Furthermore, the definite two-year period of commitment for the R.C. 2941.145 firearm specification was authorized by R.C. 2152.17(A)(2), which states: "If the court determines that the child would be guilty of a specification of the type set forth in section 2941.145 of the Revised Code * * *, the court shall commit the child to the department of youth services for the specification for a definite period of not less than one and not more than three years."

{¶ 9} However, R.C. 2152.17(E) specifically prohibited the imposition of concurrent periods of commitment for the two adjudicated offenses. The statute states: "Any commitment imposed pursuant to division (A), (B), (C), or (D)(1) of this section shall be in addition to, and shall be served *consecutively* with and prior to, a period of commitment ordered under this chapter for the underlying delinquent act, and each commitment imposed pursuant to division (A), (B), (C), or (D)(1) of this section shall be in addition to, and shall be served consecutively with, any other period of commitment imposed under those divisions." (Emphasis added.) Thus, the juvenile court's imposition of a period of commitment for the aggravated robbery offense "concurrently with the

definite two year period of commitment" imposed for the firearm specification under R.C. 2941.145 was contrary to the express requirement of consecutive periods of commitment under R.C. 2152.17(E). We note that K.D. concedes the error. (Appellee's Brief at 2-3.)

{¶ 10} Because the juvenile court's imposition of concurrent periods of commitment was not authorized by R.C. 2152.17(E), we sustain the state's sole assignment of error. Accordingly, we reverse and remand this cause for further proceedings in accordance with this decision.

*Judgment reversed;*
*cause remanded.*

DORRIAN and LUPER SCHUSTER, JJ., concur.